[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action to recover damages for personal injuries sustained in an automobile accident occurring on Interstate Route 84, Hartford, on February 25, 1993, was tried before this court on October 1 and 2, 1998. The only witnesses appearing at trial were the plaintiff, Laura Bartunek, her husband David Bartunek and the defendant Dawn Davis.
Plaintiff claims that her automobile, which had been traveling east on Interstate Route 84 and had virtually come to a halt because of heavy traffic, was struck from the rear by an automobile operated by defendant, Dawn M. Davis and owned by the defendant Douglas L. Thompson causing her to sustain personal injuries.
It is found that plaintiff's automobile was struck from the rear by the automobile operated by defendant Dawn M. Davis, that said defendant was negligent because she failed to keep her motor vehicle under proper control and to keep a proper lookout and that such negligence was the proximate cause of the accident and injuries sustained by plaintiff.
Plaintiff claims that as a result of this accident she suffered cervical and lumbar strain, incurred medical expenses, sustained lost wages and suffered permanent injuries which have caused her to suffer pain and prevented her from pursuing certain activities in which she engaged prior to her accident. CT Page 12173
The evidence shows that the accident occurred while defendant was traveling at a very low rate of speed; that the damage to plaintiff's car was minor and that the damages to defendant's car was moderate, and that plaintiff did not report any injury to the investigating officer. She thereafter sought treatment from Dr. Marinan, a chiropractor, and thereafter at various times was treated for her soft tissue injuries by her family physician, Dr. Reiher, another chiropractor Dr. Vitaz and underwent examinations and evaluations at their request. Plaintiff suffered a previous injury consisting of a twisted neck for which she was treated by Dr. Reiher and Dr. Marinan and such treatment ended prior to this accident. As a result of the accident of February 25, 1993, she sustained medical, physical therapy and prescription bills in the amount of $8,130.80, most of which was for chiropractic treatment.
Plaintiff was not employed at the time of the accident and offered no evidence of prior employment, but claimed lost compensation by reason of her inability to continue employment as a waitress, which she first commenced in the fall of 1994, more than eighteen months after the accident. Evidence as to the periods of her employment and her wages was vague, insufficiently documented and lacking in any medical corroboration to sustain any award of lost wages.
Plaintiff's claim of permanent damage is based on her complaint of continuing pain and side effects of required pain medication, and buttressed by written reports of a 5% permanent disability "of the whole person" by Dr. Marinan and a 6% disability of her cervical spine by Dr. Vitaz, both chiropractors. Neither report referred to her previous neck injury No specific findings of permanent damage appeared in the reports of her family physician Dr. Reiher, or in the report by Dr. Mailly, an orthopedic physician or Dr. Parker, a consulting rheumatologist. Plaintiff has maintained steady employment in recent years and continued to play softball for several years after the accident. Plaintiff's life expectancy is 46.3 years.
It is found that as a result of this accident that plaintiff sustained economic damages of $8,130.80 and noneconomic damages of $10,000 or total damages of $18,130.80.
JERRY WAGNER, JUDGE TRIAL REFEREE CT Page 12174